Filed 12/15/22  P. v. Sams CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES PLAS SAMS,<br><br>    Defendant and Appellant. | D080416<br><br><br>(Super. Ct. No. RIF1601743) |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

James Plas Sams, in pro. per.; and Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A  jury convicted James Plas Sams of corporal injury of a spouse (Pen. Code,[1] § 273.5, subd. (a)) and assault with a deadly weapon (§ 245, subd. (a)(1)).  He admitted two serious felony priors (§ 667, subd. (a)) and two

---

[1]     All further statutory references are to the Penal Code.

strike priors under section 667, subdivisions (b)-(i).  The court struck one of the strike priors and imposed an 18-year prison sentence.

Sams appealed his conviction, and this court affirmed the conviction in an unpublished opinion.  (*People v. Sams* (July 10, 2018, D073709).)[2]  We affirmed the convictions but struck one of the serious felony priors, thus reducing the prison sentence to 13 years.

In March 2022, Sams filed a petition for resentencing under section 1170, subdivision (d).  The court denied the petition.  Sams filed a motion for reconsideration citing Assembly Bill Nos. 124 and 2169 which was also denied.

Sams filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Sams the opportunity to file his own brief on appeal.  He has responded by filing a supplemental brief, which we will discuss below.

We will not include a statement of facts in this opinion.  Our previous opinion discusses the facts extensively.  There is no need to repeat them here.

DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error.  To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal:  Whether the court prejudicially erred

---

2    We have granted appellate counsel's request to take judicial notice of our records in case No. D073709.

under Assembly Bill Nos. 124 and 2169 when it failed to rule on that aspect of Sams's motion.

Sams has filed a supplemental brief.  In his brief, he disputes the credibility of the prosecution witnesses at trial.  He contends his appellate counsel is incompetent and should be relieved.  Sams states although the trial court judge was presented with the law regarding resentencing, the court either did not understand it or chose to ignore it.  We have reviewed the record and carefully considered the supplemental brief.  Sams has not raised any arguable issues for reversal on appeal.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Sams on this appeal.

## DISPOSITION

The order denying Sams's petition for resentencing is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

O'ROURKE, J.

DO, J.

3